UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

Case Name:  Moises Carranza-Reyes v. Park County Bd. of County Commissioners, et. al.

Appeal No. (if available) :  07-1380

Court/Agency Appeal From:   United States District Court for the District of Colorado

Court/Agency Docket No.: 05-cv-377-WDM-BNB District Judge: Walker D. Miller

Party or Parties filing Notice of Appeal/Petition:  Fred Wegener and Monte Gore

1. **TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

   1. **APPEAL FROM DISTRICT COURT**

      1. Date notice of appeal filed:  September 14, 2007

         1. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:
            No

         2. Is the United States or an officer or an agency of the United States a party to this appeal?   No

      2. Authority fixing time limit for filing notice of appeal:

         Fed. R. App. 4 (a)(1)(A)  X      Fed. R. App. 4(a)(6) ____
         Fed. R. App. 4 (a)(1)(B) ____    Fed. R. App. 4(b)(1) ____
         Fed. R. App. 4 (a)(2)    ____    Fed. R. App. 4(b)(3) ____
         Fed. R. App. 4 (a)(3)    ____    Fed. R. App. 4(b)(4) ____
         Fed. R. App. 4 (a)(4)    ____    Fed. R. App. 4(c)    ____
         Fed. R. App. 4 (a)(5)    ____
         Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket:   _August 17, 2007_____

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
   _____No_____

**(If the order being appealed is not final, please answer the following questions in this section.)**

1. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
   ____No_____

2. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ə 1292(a)?   _No_____

3. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?
   Defendants Fred Wegener's and Monte Gore's entitlement to qualified immunity from Plaintiff's 42 U.S.C. § 1983 claims is appealable pursuant to the collateral order doctrine. *Mitchell v. Forsyth,* 473 U.S. 511, 526 (1985); *Workman v. Jordan,* 32 F.3d 475, 478 (10th Cir. 1994), *cert. denied,* 514 U.S. 1015 (1995).  The United States Court of Appeals for the Tenth Circuit has jurisdiction to consider Defendants Wegener's and Gore's appeal of the District Court's denial of their Fed. R. Civ. P. 56 Motion for Summary Judgment raising the issue of qualified immunity from the Plaintiff's 42 U.S.C. § 1983 claims.  Defendants Wegener's and Gore's appeal raises the legal questions of whether Plaintiff states a cognizable Eighth Amendment conditions of confinement claim against them and whether the alleged constitutional right at issue was clearly established for qualified immunity purposes.  The Tenth Circuit possesses appellate jurisdiction over these Defendants' interlocutory appeal under these circumstances.  *Garrett v. Stratman,* 254 F.3d 946, 951-56 (10th Cir. 2001); *Gross v. Pirtle,* 245 F.3d 1151, 1156-57 (10th Cir. 2001); *Clanton v. Cooper,* 129 F.3d 1147, 1152-53 (10th Cir. 1997); *Foote v. Spiegel,* 118 F.3d 1416, 1422-23 (10th Cir. 1997).

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   1. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court: ___None_____

   2. Has an order been entered by the district court disposing of that motion, and, if so, when?  _N/A_ _____
      _____

6. Bankruptcy Appeals. (To be completed only in appeals from a judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)

Are there assets of the debtor subject to administration by a district or bankruptcy court?_____
Please state the approximate amount of such assets, if known.
_____
_____

2. **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

   1. Date petition for review was filed:  _____

   2. Date of the order to be reviewed: _____

   3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order:  _____
      _____

   4. Specify the time limit for filing the petition (cite specific statutory section or other authority):  _____
      _____

3. **APPEAL OF TAX COURT DECISION**

    1.    Date notice of appeal was filed: _____
          (If notice was filed by mail, attach proof of postmark.)

    2.    Time limit for filing notice of appeal: _____

    3.    Date of entry of decision appealed: _____

    4.    Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

2.    **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).**  If none, please so state.

Defendant Vicki Paulsen, another Defendant in this matter before the District Court, has also filed an interlocutory appeal of the District Court's denial of her qualified immunity from the Plaintiff's 42 U.S.C. § 1983 claims against her.  This Court has assigned Ms. Paulsen's appeal Case No. 07-1381.

3.    **GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW.**

Plaintiff Moises Carranza-Reyes filed this action pursuant to 42 U.S.C. § 1983 with pendent state law claims against a variety of Defendants including Fred Wegener, the Sheriff of Park County, Monte Gore, then a Captain of Park County, and Vicki Paulsen, then a nurse working at the Park County Jail.  Plaintiff alleges his constitutional rights were violated based on the conditions of confinement at the Park County Jail and the medical care he received during his detention in the Park County Jail.

On December 13, 2006, Defendants Fred Wegener and Monte Gore, along with the Park County Board of County Commissioners, filed a Motion for Summary Judgment which *inter alia* raised Defendant Wegener's and Gore's qualified immunity from the Plaintiff's 42 U.S.C. § 1983 claims against them in their individual capacities.  On August 17, 2007, the District Court issued its Order on Motions for Summary Judgment which *inter alia* denied Defendant Wegener's and Defendant Gore's qualified immunity from the Plaintiff's 42 U.S.C. § 1983 Eighth Amendment conditions of confinement claim against them.  Defendants Wegener and Gore now appeal the District Court's adverse qualified immunity determination pursuant to the collateral order doctrine and the precedent cited above.

4. **ISSUES RAISED ON APPEAL.**

Whether the District Court erred in denying Defendants Fred Wegener's and Monte Gore's qualified immunity from the Plaintiff's 42 U.S.C. § 1983 claim alleging the conditions of confinement in the Park County Jail during the Plaintiff's detention violated the Plaintiff's Eighth Amendment rights.

Whether the District Court erred in concluding Defendant Wegener had sufficient personal participation for the Plaintiff to state a cognizable Eighth Amendment claim.

Whether the District Court erred in concluding Defendant Gore had sufficient personal participation for the Plaintiff to state a cognizable Eighth Amendment claim.

Whether the District Court erred in concluding the actions of Defendants Wegener and Gore caused a violation of the Plaintiff's constitutional rights?

Whether the District Court erred in concluding the constitutional rights at issue were clearly established for qualified immunity purposes.

Pursuant to 10th Cir. R. 3.4(C), Defendants Wegener and Gore specifically reserve their right to raise additional issues or sub-issues on appeal in their Opening Brief.

5. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

   1. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed? _____

   2. If the answer to question in A is yes, does the defendant also challenge the judgment of conviction? _____

   3. Describe the sentence imposed. _____
      _____

   4. Was the sentence imposed after a plea of guilty? _____

   5. Is defendant on probation or at liberty pending appeal? _____

   **NOTE**:   In the event expedited review is requested, the
            defendant shall consider whether a transcript of

any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

6. **INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.

   Oral argument will be requested. Due to the complexity of the legal and factual issues presented in this appeal, counsel for Defendants Wegener and Gore believe oral argument will materially assist the Court in its consideration of this appeal.

7. **ATTORNEY FILING DOCKETING STATEMENT:**

   Name**:** Andrew D. Ringel/Jennifer L. Veiga___  Telephone: _303-628-3300__

   Firm:  _Hall & Evans, L.L.C._____

   Address:  _1125 17th Street, Suite 600, Denver, Colorado 80202-2052_____


**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

   A.    X    Appellants

              Petitioner

              Cross-Appellant

B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

    X      Retained Attorney

           Court-Appointed

           Employed by a government entity
                (please specify_____)

           Employed by the Office of the Federal Public Defender.


_____s/ Andrew D. Ringel_____   _September 24, 2007_____
Signature                                                                       Date
        Attorney at Law

**NOTE:** A copy of the court or agency docket sheet, the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order, and the notice of appeal or petition for review **must be attached to all copies of the Docketing Statement**, except as otherwise provided in Section I of the instructions.

The original and four copies of this Docketing Statement must be filed.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, <u>Andrew D. Ringel</u> hereby certify that on
[appellant/petitioner or attorney therefor]

<u>September 24, 2007</u> I sent a copy of the foregoing **Docketing Statement,**
[date]

to: William A Trine, Esq., Trine & Metcalf, P.C., 1435 Arapahoe, Boulder, Colorado 80302, Joseph Archuleta, Esq., Archuleta Law Office, 1724 Ogden St., Denver, Colorado 80218, Lloyd C. Kordick, Esq., Lloyd C. Kordick & Associates, 805 S. Cascade St., Colorado Springs, Colorado 80903, Adele P. Kimmel, Esq., Public Justice, P.C., 1825 K. Street, N.W., Suite 200, Washington, D.C. 2006, and Josh A. Marks, Esq., Berg Hill Greenleaf & Ruscitti, LLP, 1712 Pearl St., Boulder, Colorado 80302, at each of their last known address by way of United States Mail.


<u>  s/ Andrew D. Ringel  </u>
Signature
<u>  September 24, 2007  </u>
Dated signed

<u>Andrew D. Ringel, Esq.</u>

<u>1125 17th Street, Suite 600</u>

<u>Denver, Colorado 80202-2052</u>

<u>(303) 628-3300</u>
[Printed name and address of person completing service]