UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MOISES CARRANZA-REYES, | ) |
| | ) |
|     Plaintiff-Appellee, | ) |
| | ) |
| v. | )    Case No. 07-1380 |
| | ) |
| PARK COUNTY BOARD OF | ) |
| COMMISSIONERS, et al. | ) |
| | ) |
|     Defendants-Appellants. | ) |

**PLAINTIFF-APELLEE'S MOTION TO EXPEDITE APPEAL**

COMES NOW, Plaintiff, Moises Carranza-Reyes, by and through his attorneys William A. Trine and Cheryl L. Trine, and requests an expedited appeal pursuant to 10th Cir. R. 27.3(A)(7), and states as support the following:

1.    Plaintiff is a 31-year-old immigrant who was detained for deportation without criminal charges shortly after entering this country. He was sent by the INS to the Park County Jail in Colorado, which had a policy of accepting as many detainees as possible to generate a profit for the county. The Park County Jail crowded Plaintiff and 60 other detainees in a cell built to hold 18, where they were held in filthy, freezing conditions with two toilets that did not work properly. Plaintiff was in good health on arrival, but many of the detainees already being held in the Park County Jail were very ill, and none of the sick detainees were seen by a physician. Vomit, feces, and tissues laden with phlegm from sick detainees covered the floor upon which Plaintiff and others were forced to sleep and eat. When Plaintiff became ill, he was denied medical treatment for his strep throat, which progressed untreated into pneumonia and finally into sepsis and

septic shock. When Plaintiff was in septic shock, he was finally allowed to receive treatment by a physician, who had him rushed by ambulance to Denver Health Medical Center where Plaintiff went into cardiopulmonary arrest. Doctors at the hospital were able to save Plaintiff's life, but in the process were forced to perform a below-knee amputation on his necrotic leg and surgery to remove a lobe of his lungs. Plaintiff continues to suffer unbearable pain and disability from the extensive neurological damage to both his legs. (See Deposition of Meredith Poppish, Plaintiff's treating health care provider at 57, attached as **Exhibit 1**, and See Preliminary Report of Helen M. Woodard, M.A. at 4, attached as **Exhibit 2**).

    2.    Plaintiff is in desperate need of medical care, including extended physical therapy, an orthopedic specialist consult, chronic pain management, a neurologist consult, and rehabilitation services. (See Deposition of Meredith Poppish at 64, attached as **Exhibit 1**). For financial reasons, Plaintiff has been unable to receive necessary medical treatment for his injuries since his release from the hospital in 2003. (See *Id*. at 35-36, 64, attached as **Exhibit 1**). The present case has been pending for almost three years. It was filed in U.S. district court on February 28, 2005. Trial is set to begin April 14, 2007, and has been scheduled to last four weeks. A further delay in trial pending this appeal will result in a delay in Plaintiff receiving necessary medical care and assistance.

    3.    Mediation has been scheduled by Mr. David W. Aemmer, the Chief Circuit Mediator for November 16, 2007. (See "Notice Of In-Person Mediation Conference And Briefing Extension," attached as **Exhibit 3**). As a result, the deadline for filing the Appellant's brief and appendix has been extended 30 days, or until

December 7, 2007. (See *Id.*, attached as **Exhibit 3**). An expedited briefing schedule would not interfere or conflict with that mediation schedule.

4. Plaintiff is facing deportation. A postponement of the trial for a year or more would likely result in Plaintiff being deported. If Plaintiff is deported, it will be extremely difficult to obtain his return to participate in trial. Unless the briefing schedule, oral arguments, if any, and ruling are expedited, Plaintiff will likely be foreclosed from participating in the presentation of his case. As such, Plaintiff will be prejudiced by any delay in trial past April 14, 2007.

5. All discovery has been completed. The case is ready for trial.

6. The present appeal will not settle all of the claims still pending. Only the issue of qualified immunity for the Defendants-Appellants in their individual capacities has been raised on appeal. A claim remains pending against Defendants-Appellants Wegener and Gore in their official capacities for inhumane conditions of confinement, and a claim remains pending against Defendant-Appellant Paulsen for negligence under Colorado law. (See "Order On Motions For Summary Judgment" at 35, attached as **Exhibit 4**). The official capacity liability in the present case is based on evidence of an official or unofficial policy. (See *Id.* at 32, attached as **Exhibit 4**). Defendants-Appellants will not be prejudiced by an expedited schedule because each of them ultimately will face trial regardless of the outcome of this appeal. However, Plaintiff-Appellee will be prejudiced by a delay in trial.

7. Mediation has been scheduled for November 16, 2007. However, there is no guarantee that the parties will settle before appellate briefs must be filed. The parties attempted settlement on January 5, 2007, and were unsuccessful. Since that time,

Plaintiff-Appellee has incurred substantial costs and attorney's fees pursuant to 42 U.S.C. § 1988, including the cost of flying experts into Colorado to testify during a day-long Rule 702 hearing. Rather than attempting settlement when their motions for summary judgment were denied, Defendants-Appellants pursued this appeal.

8.     Pursuant to 10th Cir. R. 27.3 (C), Plaintiff has contacted opposing counsel, Andrew Ringel and Melanie Lewis, who indicated Defendants oppose this motion to expedite.

9.     Defendants-Appellants will not be prejudiced by the granting of an expedited briefing schedule, oral argument, if any, and ruling because this issue has been extensively briefed in the lower court and because the parties can still proceed with mediation in conjunction with an expedited briefing schedule. In contrast, Plaintiff will be prejudiced by a delay in bringing this case to trial as Plaintiff may be rendered unable to participate and because any delay submits Plaintiff to additional unnecessary pain and suffering from a lack of recommended medical treatment.

WHEREFORE, for all the foregoing reasons, Plaintiff-Appellee Moises Carranza-Reyes respectfully requests this Motion To Expedite Appeal be granted, that the briefing schedule, oral arguments, if any, and ruling be expedited, and that the court grant all other and further relief as it deems just and appropriate.

Dated this _19th_ day of October, 2007.

Respectfully submitted,

By:   /s/ William A. Trine, Esq.
      William A. Trine, #577
      Cheryl L. Trine, #38150

Trine & Metcalf, PC
1435 Arapahoe Avenue
Boulder Colorado 80302-6390
(303) 442-0173

Joseph J. Archuleta, #19426
Joseph J. Archuleta and Associates
1724 Ogden Street
Denver Colorado 80218
(303) 837-1642

Lloyd C. Kordick, #6298
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs Colorado 80903
(719) 475-8460

**Attorneys for Plaintiff**

## **CERTIFICATE OF MAILING/SERVICE**

The undersigned hereby certifies that on this _19th_ day of October, 2007, a true and correct copy of the foregoing pleading was e-served via Electronic Case Filing and/or placed in the United States Mail, postage prepaid, and properly addressed to:

Joseph Archuleta
Attorney at Law
1724 Ogden Street
Denver, Colorado 80218-1018
*Co-Counsel for Plaintiff*

Lloyd C. Kordick,
Attorney at Law
805 S. Cascade
Colorado Springs, CO 80903
*Co-Counsel for Plaintiff*

Adele P. Kimmel
Richard H. Frankel
Trial Lawyers for Public Justice
1717 Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20030
*Co-Counsel for Plaintiff*

Andrew Ringel
Jennifer L. Veiga
Hall & Evans
1125 17th Street, Suite 600
Denver, CO 80202-2052
*Counsel for Defendant Park County, Park County Board of*
*County Commissioners, Park County Sheriff's Office,*
*Fred Wegener, and Monte Gore*

Josh A. Marks
Berg, Hill, Greenleaf & Ruscitti
1712 Pearl Street
Boulder, CO  80302
*Counsel for Defendant Vicki Paulsen*

/s/ Elizabeth Peach