UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | |
|---|---|
| MOISES CARRANZA-REYES, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | Cases No. 07-1380 and |
| ) | No. 07-1381 |
| PARK COUNTY BOARD OF ) | |
| COMMISSIONERS, et al. ) | |
| ) | |
| Defendants-Appellants. ) | |

**PLAINTIFF-APPELLEE'S REPLY TO DEFENDANTS-APPELLANTS'
RESPONSE TO MOTION TO EXPEDITE APPEAL**

COMES NOW Plaintiff-Appellee, Moises Carranza-Reyes, by and through his counsel, William A. Trine and Cheryl L. Trine, and hereby respectfully submit this reply to Defendants-Appellants' Response to Plaintiff-Appellee's Motion to Expedite Appeal, as follows[1]:

1. Defendants-Appellants' Response (hereinafter "Response) states that Plaintiff cited no law to support Plaintiff's request to expedite this appeal. However, this Court has the authority to expedite an appeal in any case where good cause therefore is shown. See, 28 U.S.C.S. §1657(a) and *Freedom Communications v. FDIC,* (1994, C.D. Cal.) 157 FRD 485. The cases cited by Defendants also support the Court's authority to expedite this appeal (Defendants' Response, p. 2).

2. Defendants argue that they have a right to have the qualified immunity issue resolved by this Court with an interlocutory appeal prior to trial (Response, p. 3).

---

[1] Defendants-Appellants filed a combined response to the Plaintiff-Appellee's Motion to Expedite Appeal in Case No. 07-1380 and Case No. 07-1381. Plaintiff-Appellee has therefore filed a combined Reply to the Defendants-Appellants' Response in both cases.

1

Plaintiff does not dispute their right to appeal, but simply requests that the appellate process be concluded before a four-week trial commences on April 14, 2008, because an indefinite postponement of that trial will cause irreparable harm to the Plaintiff and will substantially interfere with the Plaintiff's right to a fair trial.

3.     Defendants argue that Plaintiff faces no "additional or different danger of deportation than he has faced during the preceding four years of his illegal residency in the United States."  However, there is abundant evidence that the government has recently commenced strengthened successful efforts to round up illegal immigrants and deport them.  The success of these efforts are reported in the press almost weekly.  To argue that the Plaintiff faces no new or imminent danger of deportation is to ignore reality.  If this appeal is not expedited and takes its natural course, the ultimate trial could be delayed for at least two years.

4.     Defendants argue that Plaintiff has not received his desperately needed medical care because the proceedings before the District Court were not expedited. However, the trial court's Scheduling Order was fashioned to expedite a factually and legally complicated case as quickly as possible.  Over thirty depositions were taken, over 4,000 pages of documents were produced, an FRE 702 hearing was held with numerous experts testifying, Defendants' motions for summary judgment were briefed and argued, a settlement conference was held, and a final pre-trial conference was concluded.  All out-of-state expert witnesses have calendared the April trial date for travel arrangements and testimony.  Plaintiff, who is financially desperate, is unemployed, and in desperate

2

need of medical care, will be irreparably harmed if the appeal is not expedited resulting in his trial date possibly delayed for an additional two years.[2]

Defendants do not dispute Plaintiff's need for additional medical treatment, the need for his stump revision, medication, physical therapy, and perhaps additional surgeries. Rarely does an injured Plaintiff have to await medical treatment pending the outcome of litigation. An illegal detainee, subject to deportation and no employment or medical insurance coverage, presents an extraordinary and unusual situation.

5.     Defendants admit that they contacted David W. Aemmer, Esq., the chief circuit mediator for the Tenth Circuit, and requested a mediation in this case "because counsel believes this case is postured for a potential settlement." This was done *ex parte*, and without Plaintiff's knowledge or participation. When counsel for Plaintiff was informed by David Aemmer he was scheduling a mediation and extending the time for filing briefs, counsel for Plaintiff objected to extending the time for filing briefs and informed the mediator and defense counsel that this Motion to Expedite the Appeal would be filed. Defendants now object to expediting this appeal on the frivolous grounds that they cannot focus on the upcoming mediation while at the same time engaging in briefing on this appeal. Defendants' motives are suspect because a continuance of the trial date, which they apparently seek by objecting to expediting this appeal, places Plaintiff in danger of deportation and in desperate need of medical assistance and employment, which therefore makes him vulnerable to accepting a grossly unreasonable settlement. Plaintiff should not be placed at a disadvantage through such tactics. Further,

---

[2] If this appeal is not expedited, a decision may not be rendered in less than one year and, following that, the case will have to be rescheduled for trial in the District Court and, if not expedited there, could take an additional year. Following that, there is no guarantee that Defendants will not appeal any judgment rendered in favor of the Plaintiff.

3

if Defendants believe, as represented to this Court, that "this case is postured for a potential settlement," all Defendants had to do was make a reasonable offer of settlement after the District Court denied their motions for summary judgment. No offer or effort was made.

6. Whether Defendants prevail or do not prevail on the substance of this appeal, this case will proceed to trial on the claims which remain against Defendants Wegener and Gore in their official capacities for inhumane conditions of confinement, and in the remaining claims against Defendant Paulsen for negligence under Colorado law. Defendants will not be prejudiced by an expedited schedule because each of them ultimately will face trial regardless of the outcome of this appeal. An expedited appeal will resolve the issues being raised on appeal before trial which commences on April 14, 2008.

WHEREFORE, for all of the reasons stated in Plaintiff-Appellee's Motion to Expedite Appeal and for the further reasons set forth in this Reply, Plaintiff respectfully requests that the Motion to Expedite Appeal be granted, and the briefing scheduling, oral arguments, if any, and ruling be expedited to preserve the four-week trial scheduled to commence April 14, 2008.

Dated this _1st_ day of November, 2007.

                                      Respectfully submitted,

By:  /s/ William A. Trine, Esq.
      William A. Trine, #577
      Cheryl L. Trine, #38150
      Trine & Metcalf, PC
      1435 Arapahoe Avenue
      Boulder Colorado 80302-6390

(303) 442-0173

Joseph J. Archuleta, #19426
Joseph J. Archuleta and Associates
1724 Ogden Street
Denver Colorado 80218
(303) 837-1642

Lloyd C. Kordick, #6298
Lloyd C. Kordick & Associates
805 S. Cascade Avenue
Colorado Springs Colorado 80903
(719) 475-8460

**Attorneys for Plaintiff**

## **CERTIFICATE OF MAILING/SERVICE**

The undersigned hereby certifies that on this _1st_ day of November, 2007, a true and correct copy of the foregoing pleading was e-served via Electronic Case Filing and/or placed in the United States Mail, postage prepaid, and properly addressed to:

Joseph Archuleta
Attorney at Law
1724 Ogden Street
Denver, Colorado 80218-1018
*Co-Counsel for Plaintiff*

Lloyd C. Kordick,
Attorney at Law
805 S. Cascade
Colorado Springs, CO 80903
*Co-Counsel for Plaintiff*

Adele P. Kimmel
Richard H. Frankel
Trial Lawyers for Public Justice
1717 Massachusetts Avenue, N.W.
Suite 800
Washington, D.C. 20030
*Co-Counsel for Plaintiff*

Andrew Ringel
Jennifer L. Veiga
Hall & Evans
1125 17th Street, Suite 600
Denver, CO 80202-2052
*Counsel for Defendant Park County, Park County Board of
County Commissioners, Park County Sheriff's Office,
Fred Wegener, and Monte Gore*

Josh A. Marks
Berg, Hill, Greenleaf & Ruscitti
1712 Pearl Street
Boulder, CO  80302
*Counsel for Defendant Vicki Paulsen*

/s/ Elizabeth Peach